# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FARZANA BEGUM, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 CV 9624 |
| ) | |
| ERIC D. HARGAN,[1] in his official capacity ) | Hon. Amy J. St. Eve |
| as the Acting Secretary of the ) | |
| U.S. Department of Health and Human Services, ) | |
| ) | |
| Defendant.[2] ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Farzana Begum, M.D., ("Plaintiff" or "Begum") brings this action against Defendant Eric D. Hargan as the Acting Secretary of the U.S. Department of Health and Human Services ("Defendant" or "Secretary") ("HHS" in reference to the agency) challenging the Secretary's final decision to exclude Plaintiff from participation in all federal health care programs for a period of three years in addition to a mandatory five-year exclusion for her criminal conviction. (R. 1.) The parties cross moved for summary judgment. (R. 15; R. 18.) For the following reasons, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

## BACKGROUND

---

[1] In his briefings, Defendant requested to substitute the named defendant in the case pursuant to Fed. R. Civ. P. 25(d). (R. 21, 23.) The Court notes that the defendant in the case as of the writing of this opinion is the current Acting Secretary the U.S. Department of Health and Human Services, U.S. Deputy Secretary of Health and Human Services Eric D. Hargan.

[2] The Court granted Plaintiff's unopposed oral request to voluntarily dismiss without prejudice Defendant Daniel Levinson in his official capacity as Inspector General of the U.S. Department of Health and Human Services on July 10, 2017. (R. 20.)

The Court has reviewed the administrative record for this matter. On December 2, 2013, Plaintiff Begum, a licensed Illinois physician, pled "guilty to one count of conspiracy to solicit and receive kickbacks" in violation of 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(l)(A). (Admin. R. at 5, 20, 272-73.)[3] Begum admitted in her plea that she participated in a kickback scheme from 2005 to 2011 in which she received money for referring Medicare patients to Grand Home Health Care, Inc. (*Id*. at 5, 20, 272-73.) The advisory U.S. Sentencing Guidelines range for Plaintiff's offense was 30 to 37 months in prison. (*Id*. at 273-74.) The court accepted Begum's plea and entered judgment against her, sentencing her to twelve months and one day of incarceration in March 2014. (*Id*. at 5, 20, 273-74.)

The court later reduced Begum's sentence. In January 2015 the federal prosecutor filed a motion to have Plaintiff's sentence reduced because of her "'substantial assistance in investigating or prosecuting another person,' pursuant to Fed. R. Crim. Proc. 35(b)(1)." (*Id*. at 6, 21, 275, 501.) According to the government's motion, the basis for the sentence reduction request was that Begum "provided information to the government about kickback payments she received from Gene Schloss [("Schloss")], a defendant in another criminal case" in the Northern District of Illinois (14 CR 188).[4] (*Id*. at 6, 21, 275, 500.)

In February 2015 the court granted the government's motion and reduced Begum's sentence to nine months and fifteen days. (*Id*. at 6, 21, 275, 500-502.) "By this sentence reduction of two months and 16 days, Petitioner lost the opportunity to receive good time credit,

---

[3] Record 11 and its attachments contain a certified copy of the administrative record ("Admin. R."), divided into 5 volumes: volume 1 (R. 11-3.), volume 2 (R. 11-4.), volume 3 (R. 11-5.), volume 4 (R. 11-6.), and volume 5 (R. 11-7.). The first four exhibits, volumes 1-4, are numbered in succession. The last exhibit, volume 5, is the transcript of the Civil Remedies Division - Departmental Appeals Board of the Department of Health and Human Services hearing held on November 17, 2015. The Court will cite to the administrative record using the administrative record's pagination, appearing as Bates numbers at the bottom right corner of the page.

[4] The relevant Schloss documents are part of the administrative record: the indictment against Schloss (Admin. R. at 532-38.) and the government's sentencing memorandum for Schloss (Admin. R. at 547-556.).

2

which is only available for sentences greater than one year and which, if granted, could have potentially reduced her incarceration time under the original sentence to 10½ months." (*Id*. at 275.) The new sentence "effectively reduce[d] the defendant's sentence by 30 days, when factoring in the loss of good time credit." (*Id*. at 501.)

By letter dated July 31, 2014, the Inspector General ("IG") of HHS notified Begum that as a result of her criminal conviction and the presence of two aggravating factors, HHS was excluding her "from participation in Medicare, Medicaid, and all other Federal health care programs" effective August 20, 2014, for a period of eight years pursuant to Section 1128(a)(1) of the Social Security Act ("SSA"), citing 42 U.S.C. 1320a-7(a)(1). (*Id*. at 2, 20-21, 274, 476.) The letter explained that the mandatory minimum period of five years was extended by three additional years based on evidence of two aggravating factors: 1) under 42 C.F.R. § 1001.102(b)(2), the acts resulting in the conviction occurred over a period of one year or more; and 2) under 42 C.F.R. § 1001.102(b)(5), the sentence included incarceration. (*Id*. at 274, 476.) The letter did not discuss mitigating factors. (*Id*. at 274, 476-477.)

Begum timely requested a hearing on her exclusion before an administrative law judge ("ALJ") in HHS's Civil Remedies Division of the Departmental Appeals Board ("DAB") in November 2014. (*Id*. at 2, 4, 21, 274-75.) Plaintiff and her son Syed Lateef ("Lateef") testified during her hearing. (R. 16 at 5.) HHS conducted no cross-examination of either witness and did not call any witnesses. (*Id*.) Before the ALJ, Plaintiff disputed only the extension of the exclusion period by three years for a total of eight years. She conceded that she was convicted, that she had to be excluded for at least five years pursuant to Section 1128(a)(1), and that two aggravating factors existed. (Admin. R. at 6, 7, 21, 22, 23-24, 273-75, 321, 336.) Begum instead argued that the period of her exclusion was unreasonable on the grounds that two mitigating

3

factors (mental condition and federal cooperation) existed and that the IG gave improper weight to the fact that she was incarcerated (since her sentence was later reduced). (*Id*. at 1, 21, 94, 277, 290, 321, 323, 381-82.)

Begum argued that the mitigating factor at 42 C.F.R. § 1001.102(c)(2) existed, claiming that the underlying criminal record demonstrated that the court determined that she had a mental condition before or during the commission of her offense that reduced her culpability. (*Id*. at 8, 22, 106-08, 298-300, 326-30, 382-87.) Specifically, licensed clinical psychologist Dale Gody diagnosed Begum with Narcissistic Personality Disorder. (*Id*. at 272, 480-489, 490-492.) Plaintiff also suffers from anxiety, depression, and an inability to manage emotions. (*Id*.) While the parties stipulated that Begum had a mental condition before or during the commission of her offense, the stipulation did not include agreement on whether the mental condition reduced her culpability. (*Id*. at 9, 26, 273.)

Begum also argued that the mitigating factor at 42 C.F.R. § 1001.102(c)(3) existed, because her cooperation with federal officials resulted in others being convicted, additional cases being investigated, or reports identifying program weaknesses being issued. (*Id*. at 8, 22, 106, 108-10, 298, 300-02, 326, 330-36, 382, 387-90.) The parties, however, only stipulated that Begum cooperated with federal officials. (*Id*. at 12, 30, 275.)

After briefing and a hearing, the ALJ upheld the IG's decision in April 2016. (*Id*. at 1, 18.) The ALJ found that a basis for Begum's exclusion existed under Section 1128(a)(1) of the SSA, 42 U.S.C. § 1320a-7(a)(1), because she pled guilty to one count of conspiracy to solicit and receive kickbacks. (*Id*. at 5-6, 21.) The ALJ then found the existence of two aggravating factors under 42 C.F.R. §§ 1001.102(b)(2) and (b)(5): Begum admitted that her criminal conduct occurred for over a year and that her sentence included incarceration. (*Id*. at 7, 22.)

4

The ALJ then considered whether Begum had met her burden of showing any mitigating factors. (*Id*. at 7-15, 22.) The ALJ did not find the existence of the mental health mitigating factor because Begum failed to prove that the sentencing court had determined that her mental condition reduced her culpability. (*Id*. at 9-11; *see also* 25-29 for appellate discussion of same.) The ALJ also did not find the existence of the cooperation mitigating factor because Begum failed to prove that her cooperation resulted in others being convicted, or an additional investigation or report being issued. (*Id*. at 12-15; *see also* 30-32 for appellate discussion of same.) Based upon these findings, the ALJ held that the period of Begum's exclusion was thus not unreasonable and that the existence of the two aggravating factors justified the period of exclusion. (*Id*. at 7-17, 22.)

Begum then appealed the ALJ's decision to the Appellate Division of the Departmental Appeals Board ("Appellate DAB"). (*Id*. at 18, 410.) Again, Begum argued that the ALJ erred in finding no mitigating factors and in finding that the period of her exclusion was not unreasonable, but did not dispute the basis of her exclusion or the presence of the two aggravating factors. (*Id*. at 22-23, 428-449.) Appellate DAB upheld HHS's decision, finding that the ALJ's determinations were supported by substantial evidence and free of legal error. (*Id*. at 24-32, 36.) Appellate DAB further affirmed the ALJ's findings that aggravating factors existed and that Begum did not prove any mitigating factors, and it held that Begum's eight-year exclusion fell within a reasonable range. (*Id*. at 18-36.) Throughout the opinion, Appellate DAB reiterated that the ALJ properly applied the preponderance of the evidence standard in finding that Begum had failed to prove the existence of mitigating factors. (*Id*. at 22, 24-25, 30.)

Begum appeals Appellate DAB's decision, which is a final agency action that terminates proceedings before HHS and exhausts the administrative remedies available to Plaintiff. 42 C.F.R. § 1005.21(j). Before the Court are the parties' cross motions for summary judgment.

## LEGAL STANDARDS

**I.  Summary Judgment**

"Summary judgment is proper when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 220 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)); *see also Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009) (Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.)  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000) ("The existence of a mere scintilla of evidence supporting a plaintiff's position is insufficient; there must be evidence on which a jury could reasonably find for the plaintiff.").  In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Gee v. Dart*, 2017 WL 4699237, *3 (N.D. Ill. Oct. 19, 2017) (citing *Anderson*, 477 U.S. at 255); *see also Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010) (To determine whether a genuine dispute of material fact exists, the Court must construe all facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.)

The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that she is entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "To survive summary judgment, the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial." *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 343, 349 (7th Cir. 2015). "On review of cross-motions for summary judgment, we view all facts and inferences in the light most favorable to the nonmoving party on each motion." *Lalowski v. City of Des Plaines*, 789 F.3d 784, 787 (7th Cir. 2015) (citing *Wis. Alumni Research Found. v. Xenon Pharm., Inc.*, 591 F.3d 876, 882 (7th Cir. 2010)).

## II. Judicial Review of Administrative Decisions

The Court has jurisdiction to review HHS's decision pursuant to §§ 205(g) and 1128(f)(1) of the SSA, codified at 42 U.S.C. § 405(g) and § 1320a-7(f)(1), which permit an individual to obtain judicial review of the Secretary's decision concerning exclusion from federal health care programs.[5] Under § 405(g), the ALJ's findings of fact are conclusive as long as they

---

[5] Plaintiff argues that the Court should review HHS's decision under the Administrative Procedure Act ("APA"): "the reviewing court shall….hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). Plaintiff, however, cites no binding authority that mandates the application of the APA standard of review in this case. The Court notes, however, that when it affirms the Secretary's decision under the standards of the SSA (described in this section), the Court also finds that the decision should stand under the APA. Judicial review of agency action under the APA is "narrow," and courts must limit their review of the agency's action to the administrative record before the agency. *See Judulang v. Holder*, 565 U.S. 42, 52-53 (2011); *Association of Private Sector Colls. & Univs. v. Duncan*, 681 F.3d 427, 441 (D.C. Cir. 2012). A reviewing court "is not to substitute its judgment for that of the

are supported by substantial evidence. 42 U.S.C. § 405(g); *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001); *Johnson v. Heckler*, 741 F.2d 948, 952 (7th Cir. 1984). In other words, the Court will affirm the ALJ's decision as long as substantial evidence supports it—that is, if the decision is based on evidence that "a reasonable mind might accept as adequate to support the conclusion." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) (internal quotation marks and citation omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008); *Hill v. Astrue*, 295 F. App'x 77, 81 (7th Cir. 2008).

"The ALJ need not address every piece of evidence in the record but must 'build an accurate and logical bridge from the evidence to the conclusion.' " *Richards v. Astrue*, 370 Fed.Appx. 727, 730 (7th Cir. 2010) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Court should review the entire administrative record, but should "not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment" for that of the agency. *Clifford*, 227 F.3d at 869; *Powers v. Apfel*, 207 F.3d 431, 434–35 (7th Cir. 2000); *Diaz v. Chater*, 55 F.3d 300, 305, 308 (7th Cir. 1995); *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994). "When reviewing for substantial evidence, [courts] do not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (citation omitted).

Although the Court defers to the agency's factual findings, it reviews the ALJ's legal conclusions *de novo* and will set aside an agency decision if it is not supported by substantial

---

agency." *Judulang,* 132 S.Ct. at 53. The Court finds that there has been no legal error, that the ALJ supported his findings with substantial evidence, and that the agency's decision is reasonable under the SSA. The Court further finds that HHS's decision is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

evidence, or the ALJ applied the incorrect legal standards, making the agency decision legally erroneous. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Wood*, 246 F.3d at 1029; *Clifford*, 227 F.3d at 869; *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). The Court will not "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quoting *Clifford*, 227 F.3d at 869); *see also Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002); *Ehrhart v. Secretary of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992).

**ANALYSIS**

The parties cross move for summary judgment on the same issues as HHS reviewed below. Plaintiff does not dispute that her criminal conviction warrants a minimum five-year exclusion per 42 U.S.C. § 1320a-7(c)(3)(B). (R. 16 at 6; R. 22 at 2.) She also does not dispute the presence of two aggravating factors: that her crime was "committed over a period of one year or more" (42 C.F.R. § 1001.102(b)(2)) and that her sentence "included incarceration" (42 C.F.R. § 1001.102(b)(5)). (R. 16.) Begum does, however, dispute the weight HHS gave to the incarceration period, especially in light of its later reduction by the sentencing court. (*Id*. at 9, 19-20.) Further, Begum argues that HHS erroneously found no mitigating factors in her case when the Secretary should have found two. (*Id*. at 10-19.) She claims that the mental health mitigating factor exists because the underlying criminal record demonstrates that the court determined that she had a mental condition before or during the commission of her offense that reduced her culpability under 42 C.F.R. § 1001.102(c)(2). (*Id*. at 14-19.) She also claims that the cooperation mitigating factor exists because her cooperation with federal officials resulted in the investigation and conviction of another person, and the issuing of a report identifying program weaknesses under 42 C.F.R. § 1001.102(c)(3). (*Id*. at 10-14.) Plaintiff also argues that

9

the ALJ did not apply the preponderance of the evidence standard but "a severely heightened but-for standard." (*Id*. at 11.)

Defendant maintains that "the Secretary's decision to exclude Begum for eight years is supported by substantial evidence and is free of legal error." (R. 19 at 6.) As Begum admitted, the ALJ had to give her a mandatory minimum exclusion and correctly found two aggravating factors. (*Id*. at 6-8.) Defendant further argues that Begum did not meet her burden of proving the existence of mitigating factors in her case. (*Id*. at 8-12.) The ALJ did not find the existence of the mental health mitigating factor under 42 C.F.R. § 1001.102(c)(2) because Begum failed to prove that the sentencing court determined that her mental condition reduced her culpability. (*Id*. at 8-10.) The ALJ also did not find the existence of the cooperation mitigating factor under 42 C.F.R. § 1001.102(c)(3) because Begum failed to prove that her cooperation resulted in the conviction of another person, or an additional investigation or report. (*Id*. at 10-11.) Defendant argues that the ALJ rightly held that Begum's exclusion period was justified by two aggravating factors (and unchanged by the minor sentence reduction), was not reduced by any mitigating factors, and was not unreasonable. (*Id*. at 11-12.) In response to Plaintiff, Defendant also points out that HHS used the preponderance of the evidence standard throughout the decision-making process. (R. 21 at 4-5.)

**I.     Mitigating Factors**

If aggravating factors justify an exclusion of longer than five years, as they do in this case, the ALJ may consider certain mitigating factors. *See* 42 C.F.R. § 1001.102(c). The mitigating factors can counteract the aggravating factors that extend the exclusion period. While the mitigating factors can reduce the exclusion period, the exclusion period can never be less

than five years. *Id*. The regulations include three mitigating factors, only two of which are at issue in this case:

> (2) The record in the criminal proceedings, including sentencing documents, demonstrates that the court determined that the individual had a mental, emotional or physical condition before or during the commission of the offense that reduced the individual's culpability; or
>
> (3) The individual's or entity's cooperation with Federal or State officials resulted in—
> > (i) Others being convicted or excluded from Medicare, Medicaid and all other Federal health care programs, [or]
> > (ii) Additional cases being investigated or reports being issued by the appropriate law enforcement agency identifying program vulnerabilities or weaknesses[.]

42 C.F.R. § 1001.102(c)(2) and (3).[6] The burden of proof lies with the excluded individual to establish mitigating factors by a "preponderance of the evidence." 42 C.F.R. § 1005.15(b)(1) and (d).

### A. Mental Condition Reducing Culpability per 42 C.F.R. § 1001.102(c)(2)

The ALJ found that the evidence did not show that "it is more likely than not that the district court judge found that Petitioner had a mental condition that reduced her culpability." (Admin. R. at 9.) The ALJ reviewed the administrative record below, and referenced specific portions of the district court transcript from the sentencing hearing and other documents to support its reasoning with substantial evidence. (*Id*. at 9-11, 26-28.) "Based on my review of all the evidence including the transcript of the sentencing proceeding, there is no indication that the judge determined that Petitioner's culpability was reduced by virtue of her mental disorder….The transcript shows that the judge recognized that Petitioner was suffering from a mental disorder, but he nevertheless found Petitioner to be highly culpable for her criminal acts." (*Id*. at 9-10.)

---

[6] Plaintiff does not argue 42 C.F.R. § 1001.102(c)(1) or 42 C.F.R. § 1001.102(c)(3)(iii).

The ALJ quoted portions of the sentencing transcript where the judge noted the following factors: the considerable amount of kickbacks Begum received, her request to increase the kickback payments, and the roughly six-year duration of her criminal activity. (*Id*. at 10-11, 27-28.) The ALJ further noted that "one comment of the district court judge reflects that he mostly discounted any impact of Petitioner's mental disorder." (*Id*.) The ALJ quoted from the sentencing transcript:

> The fact that as a medical doctor the defendant fully understood that what she was doing was unlawful, you know, that's unfortunate.
>
> And, you know, I do certainly respect all the information I have received on this personality disorder, and you know, I can certainly understand where that would be a factor here, but at the end of the day, this, to my knowledge at least, is the only manifestation of that behavioral disorder. There was no manifestation of it in any other fashion where she turned to unlawful or dishonest behavior.

(*Id*. (citing sentencing transcript); *see also Id*. at 10, 27-28, 673-74, 678, 682-83.) As the ALJ pointed out, the sentencing judge differentiated Begum from the other kickback schemers because the other three co-defendants "took a smaller amount of kickbacks,…were involved for a shorter period of time, and none of them was a doctor at the time of the offense." (*Id*. at 11 (citing sentencing transcript).) Substantial evidence supports the ALJ's determination.

The ALJ also applied the correct legal standard. To establish the mitigating factor found at 42 C.F.R. § 1001.102(c)(2), Plaintiff must demonstrate every part of the regulatory requirement: (1) that the record in the criminal proceedings shows the court determined she had a mental, emotional, or physical condition, (2) that the condition was present before or during the commission of the underlying offense, and (3) that the condition reduced the petitioner's culpability. *See Patel v. Shalala*, 17 F. Supp. 2d 662, 667 (W.D. Ky. 1998) ("[T]he regulation clearly requires a court finding of lessened culpability."); *Joseph M. Rukse, Jr., R.ph*., DAB 1851 (2002) (Appellate DAB requiring a petitioner to prove all regulatory elements to get the benefit

of the culpability mitigating factor); *Paul G. Klein, D.P.M.*, DAB CR317 (1994) (DAB finding the culpability mitigating factor missing because "even if Petitioner had provided persuasive evidence that his stress reduced his culpability, which he has not, he would still have to show that the record of the criminal proceedings demonstrates that the criminal court determined that his stress reduced his culpability.").

While the sentencing court judge does not have to make the lessened culpability explicit, the ALJ must at least be able to infer that the judge found this factor to reduce culpability, not that the judge merely considered this factor. *See Marcia C. Smith, a/k/a Marcia Ellison Smith*, DAB No. 2046 (2006) (Appellate DAB stating that the ALJ correctly held the culpability mitigating factor missing when the ALJ could not infer that the sentencing court judge found Petitioner's medical conditions rendered her less culpable.); *Arthur C. Haspel, D.P.M.*, DAB 1929 (2004) ("[I]t is unreasonable to apply the regulation by requiring an explicit finding by the presiding judge in cases where the judge would not need to make an explicit finding for purposes of the sentencing proceeding itself. In those instances, it is sufficient to review the sentencing record as a whole and determine whether it would be reasonable to infer from the entire record that the presiding judge had made the determinations required by the regulation as part of the sentencing process."); *Joseph M. Rukse, Jr., R.ph.*, DAB 1851 (2002) ("[I]it was not necessary for the record in the criminal proceedings to contain 'specific findings' that Petitioner had a substance abuse condition at the time of the offense and that the condition reduced his culpability.").

The ALJ did not cabin his search of the record for an explicit or specific finding by the sentencing judge that Begum's mental condition lessened her culpability, but instead inferred from the entirety of the record that the sentencing judge did not find that Begum's Narcissistic

13

Behavioral Disorder lessened her culpability. (Admin. R. at 10, 27-28, 673-74, 678, 682-83.) "The district court judge did not specifically state that he determined that Petitioner's culpability was reduced by her mental condition, and I cannot infer from his statements during sentencing or the sentence imposed that he made such a determination." (*Id*. at 11.) The ALJ held that the sentencing court had not made the requisite finding that Begum's condition lessened her culpability and he supported his reasoning with substantial evidence. Because the ALJ's decision was supported by substantial evidence and he applied the correct legal standard when assessing the culpability mitigating factor, the Court denies Begum's summary judgment motion on this issue.

### B. Cooperation Resulting in Conviction, Additional Investigations, or Reports Identifying Program Weaknesses per 42 C.F.R. § 1001.102(c)(3)

The ALJ found that the evidence did not show that "it is more likely than not that Petitioner's cooperation with federal officials resulted in others being convicted or resulted in an additional investigation or report being issued identifying program weaknesses." (Admin. R. at 12.) The ALJ reviewed the administrative record below, and referenced specific portions of the administrative hearing transcript, co-schemer Schloss's indictment, and other documents to support its reasoning with substantial evidence. (*Id*. at 12-15.) As Appellate DAB pointed out in its review, the "ALJ devoted nine of 17 pages of his decision to his assessment of the evidence concerning the alleged mitigating factors and rationale for why he ultimately found an eight-year exclusion period to be within a reasonable range." (*Id*. at 22.) The ALJ discussed the cooperation mitigating factor for 4 pages. (*Id*. at 12-15.)

The ALJ found that Plaintiff "relie[d] upon the government's Fed. R. Crim. Pro. 35(b) motion in her criminal case as evidence that her cooperation resulted in the conviction of Schloss." (*Id*. at 12.) The government's motion merely stated that the "government believes that

14

the new information provided by Begum after her sentencing amounts to 'substantial assistance in investigating or prosecuting another person' under Fed. R. Crim. Proc. 35(b)(1)." (*Id*. at 501.)

> Petitioner's argument before me, in essence, is that the I.G. should be bound by the federal prosecutor's characterization of Petitioner's assistance. Petitioner cites no authority that supports her position. Furthermore, without more facts, it is not possible to determine that the cooperation referred to by the federal prosecutors as "substantial assistance" amounts to the cooperation contemplated by 42 C.F.R. § 1001.102(c)(3)(i) and (ii).

(*Id*. at 14.)

The ALJ further noted that it is Plaintiff's burden to prove the necessary level of cooperation and "the I.G. does not have the responsibility to prove the non-existence of the mitigating factor under the regulation." (*Id*. at 13 (quoting *Stacey R. Gale*, DAB No. 1941 (2004)).) Only Plaintiff and her son Lateef testified at her hearing. (R. 16 at 5.) "Petitioner's own testimony indicates that federal officials were already investigating Schloss's involvement in the kickback scheme by the time she gave them any information." (Admin. R. at 14.) The ALJ also pointed out that Lateef's testimony was based on "pure speculation" because "he admitted that he was not involved in any way with the prosecutors in the case against Schloss." (*Id*. at 14-15.) Begum could have but did not subpoena any federal authorities to testify on her behalf. (*Id*.) The ALJ found that neither the criminal record nor the evidence put forth by Begum established that her cooperation either caused federal officials to initiate a case against an individual or resulted in an individual's conviction. (*Id*. at 12, 15, 30-32.) Substantial evidence supports the ALJ's determination that Begum did not meet her burden of proving this mitigating factor.

As for Plaintiff's argument that the indictment against Schloss was "a law enforcement-issued report that identified program weaknesses" (Admin. R. at 15.), "[e]ven if I treated the grand jury as an 'appropriate law enforcement agency' within the meaning of 42 C.F.R. §

15

1001.102(c)(3)(ii), the indictment does not identify 'program vulnerabilities or weaknesses,' not already well known considering the similar charges of receiving kickbacks against Petitioner and her co-conspirators." (*Id.*) The ALJ found that this argument likewise failed.

In addition, the ALJ applied the correct legal standard. The text of 42 C.F.R. § 1001.102(c)(3) raises a high standard, one beyond the cooperation that Begum provided here. Mere cooperation is not enough to establish the mitigating factor; the cooperation must result in an investigation, conviction, or report. *See* 63 Fed. Reg. 46,676, 46,681 (Sept. 2, 1998) ("[T]his mitigating factor [is] to be taken into consideration only in those situations where the law enforcement agency validated the person's information by opening up a case investigation or by issuing a report."); *Juan de Leon, Jr.*, DAB No. 2533 (2013) (Appellate DAB applying the cooperation mitigating factor to reduce the exclusion period "based on Petitioner's participation in three months of 'consensual monitoring' that resulted in another individual's conviction."); *Stacey R. Gale*, DAB No. 1941 (2004) (Appellate DAB finding that the "ALJ erred in concluding that Petitioner's cooperation with state officials was sufficient to establish the existence of the mitigating factor in 42 C.F.R. § 1001.102(c)(3)(ii) since Petitioner failed to demonstrate that her cooperation resulted in a new case being investigated."); *Dustin Wade Thomasson*, DAB CR812 (2001) (DAB finding that Petitioner did not establish the cooperation mitigating factor because the "regulation requires as a prerequisite to establishing a mitigating factor that the cooperation that an excluded individual gives to prosecuting authorities *results in* the conviction or exclusion of others. Proof of cooperation will not qualify as a mitigating factor in the absence of evidence that the cooperation resulted in conviction or exclusion of others.") (emphasis in original); *Dr. Abdul Abassi*, DAB CR390 (1995) (DAB finding that Petitioner did not establish the cooperation mitigating factor because the "prosecuting authorities whom

16

Petitioner has communicated with have not stated or suggested that Petitioner's cooperation has led to or contributed to the conviction of other individuals….Even the broadest definition of the term 'resulted in' would require evidence of some causal relationship between the individual's cooperation and the conviction of another individual in order to prove the presence of a mitigating factor.").

The ALJ did not find either cooperation mitigating factor present. "I conclude that the evidence presented by Petitioner is insufficient to establish by a preponderance of the evidence that her cooperation either caused federal officials to initiate the case against Schloss, or resulted in his conviction. I also conclude that the indictment against Schloss does not constitute a law enforcement-issued report that identified program weaknesses." (Admin. R. at 12.) The ALJ weighed the administrative record below using the preponderance of the evidence standard. It is not for the Court to second-guess the judgment of the agency. Because the ALJ's legal reasoning is free of error and its conclusion is supported by substantial evidence, the Court denies Plaintiff's motion for summary judgment on this issue.

## II.     Incarceration Reduction

Plaintiff would like HHS to reconsider the length of her exclusion period per the incarceration aggravating factor (42 C.F.R. § 1001.102(b)(5)) based on the change of her sentence from twelve months and a day to nine months and fifteen days.[7] (*Id*. at 6, 21, 275, 500-502.) Plaintiff cites one Appellate DAB case, *Dustin Wade Thomasson*, in support of her argument that a change in sentencing warrants a change in exclusion period; however, the facts of that case greatly differ from hers. DAB CR812 (2001). Petitioner Thomasson's exclusion period was reduced not because of a reduction in his sentence, but because he was released on

---

[7] The sentence reduction of two months and 16 days effectively translates to a reduction of only 30 days. (Admin. R. at 275, 501; *see also supra* background section.)

parole after serving only a fraction of his sentence. *Id*. ("While it is true that Petitioner received a lengthy sentence [of 15 years] for his crime, his actual period of incarceration was rather brief. Petitioner was paroled after only 17 months' incarceration."). Not only is the factual basis different (sentence reduction vs. release on parole), the sentence reduction in Begum's case is not as drastic as the change in incarceration in *Thomasson*.

Per 42 C.F.R. § 1001.2007(a)(1)(ii), the ALJ considered whether Begum's length of exclusion was unreasonable. As long as the period of exclusion "is within a reasonable range," the ALJ has no authority to change it. *See* 57 Fed. Reg. 3,298, 3,321 (Jan. 29, 1992). The ALJ found that even Begum's reduced sentence represented "a significant term of imprisonment," and coupled with the long period of culpable conduct, her eight-year exclusion was not unreasonable. (Admin. R. at 17, 34.) The ALJ weighed the incarceration reduction, but did not change the exclusion period. The Court does not find any legal error and the HHS decision stands.

## III.  Preponderance Standard

While Plaintiff argues that Defendant "clearly applied a severely heightened but-for standard" instead of a preponderance of the evidence standard (R. 16 at 11.), Plaintiff does not point to specific portions of the record where the ALJ actually does this. In fact, the ALJ expressly sets out the preponderance standard. (Admin. R. at 4.) Further, the ALJ articulates whether the evidence does or does not show that "it is more likely than not" that the district court judge found two mitigating factors. (*Id*. at 9, 12.) The ALJ applied the correct standard throughout the decision-making process.

**CONCLUSION**

Begum's eight-year exclusion period is supported by substantial evidence and is not legally erroneous. For the foregoing reasons, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment.

**Dated:** November 21, 2017                **ENTERED:**

_____
AMY J. ST. EVE
United States District Court Judge